UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
FRANCES TROTMAN,                    :
                                    :   Civil Action No: 09-6163 (JAP)
    Plaintiff,                      :
                                    :
v.                                  :   OPINION
                                    :
MONMOUTH UNIVERSITY, et al.,:
                                    :
Defendants.                         :
                                    :
_____:

PISANO, District Judge:

This matter comes before the Court as an Appeal of United States Magistrate Judge Bongiovanni's Order of September 20, 2011, denying Plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff Frances Trotman moved to amend her Complaint in order to assert at least eight additional causes of action against Defendant Monmouth University for race, age and sex discrimination and civil conspiracy. This Motion was denied by the Magistrate Judge in an Opinion and Order filed on September 20, 2011 ("Sept. 20, 2011 Opinion"). On October 3, 2011, Plaintiff filed an Appeal of this decision to the District Judge. Defendants opposed both the original Motion to Amend and this Appeal. The Court having considered Plaintiff's Appeal and the underlying Motion, for the reasons set forth below, the September 20, 2011 Opinion and Order shall be affirmed.

I.  **Background**

A more detailed factual background can be found in the September 20, 2011 Opinion from which Plaintiff appeals. Plaintiff Frances Trotman is an African-American female who was hired as a full-time professor at Monmouth University in 1995. Plaintiff was Chair of the

Department of Psychological Counseling at Monmouth for two consecutive terms from September 2003 through June 2009.  During Plaintiff's involvement in the University's search for a new Dean of the School of Education, she disapproved of the search committee's procedures, claiming that they effectively excluded minorities.  Subsequently, Plaintiff was not reappointed to her position as Chair.  On or about July 24, 2009, Plaintiff filed charges of age, race and sex discrimination and retaliation with the EEOC.  On November 2, 2009, the EEOC sent to Plaintiff a Dismissal and Notice of Rights.  On December 7, 2009, Plaintiff filed a Complaint alleging that the University failed to reappoint her as Chair of the Department as a result of her objections to the search procedure and that her non-reappointment constituted retaliation and thus a violation Plaintiff's federal and state rights.   Plaintiff moved to amend her Complaint on June 30, 2011, approximately eleven months after the July 23, 2010 deadline for filing motions to amend the pleadings.  *See* Pretrial Scheduling Order, docket entry no. 6 (April 6, 2010).  Plaintiff sought to add new causes of action based on Monmouth's decision not to reappoint her as Chair, and to add facts and allegations regarding events that occurred after the filing of the original Complaint.  These events, beginning in fall 2010, include an internal audit and investigation of the Plaintiff, and the resultant detenure proceedings conducted by the University.  (Sept. 20, 2011 Op. 3.)

In opposition to Plaintiff's Motion, Defendant argued that amendment was untimely, prejudicial, and futile.  Defendant's primary argument was that Plaintiff had not demonstrated that she could not meet the scheduling deadline for amendment of pleadings despite due diligence.  (*Id.* at 8.)  Defendant also argued that it would be unduly prejudiced by the addition of new causes of action and factual allegations because of the significant amount of discovery that had already taken place.  Finally, the Defendant argued that amendment would be futile, because

the additional causes of action relating to non-reappointment were time-barred, and because the claims pertaining to the detenure proceedings were not ripe.

In denying Plaintiff's Motion to Amend, the Magistrate Judge separately analyzed the addition of new causes of action arising from the facts originally pled, and the addition of claims arising from the later audit and detenure proceedings. As to the former, she found that Plaintiff had not met the Rule 16(b) "good cause" standard for missing the deadline to amend the pleadings. (*Id.* at 11-12.) As to the latter, the Magistrate Judge found that the Motion to Amend was timely filed. (*Id.* at 12.) However, she denied leave to make these amendments under the Rule 15(a)(2) standard. Specifically, she found that the new claims would significantly prejudice the defendant because they introduced substantially different facts and legal theories from the present litigation at a point when discovery was almost complete. (*Id.* at 12-14.)

## II.     Standard of Review

When a party appeals a Magistrate Judge order on a non-dispositive motion, the District Court must set aside any part of the order that is "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). The Plaintiff urges that the Court should consider this Motion dispositive because denial of leave to amend in this case would effectively dispose of the claims "due to passage of time." Therefore, the Plaintiff argues, the Court's review should be *de novo* in accordance with the standard applicable to a Magistrate Judge's report and recommendation regarding a dispositive motion. L. Civ. R. 72.1(c)(2).

This Court cannot agree that Plaintiff's own delay in filing the Motion to Amend can convert it into a dispositive motion. Plaintiff cites no law to support considering a Motion for Leave to Amend dispositive for statute of limitations reasons. (Pl. Brief 4.) The one case cited notes that the motion to amend at issue did have "some dispositive elements," but this referred to

the substance of the magistrate judge's order rather than the timeliness of the claims. *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001). Further, because legal and not factual conclusions were at issue in that appeal, the District Court's review was *de novo* regardless of whether or not the motion was dispositive. *Id.* In this case, the standard to apply to Judge Bongiovanni's denial of Plaintiff's Motion to Amend is "clearly erroneous or contrary to law."

A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995)). "Where a Magistrate Judge is authorized to exercise his or her discretion in determining a non-dispositive motion, the decision will be reversed only for an abuse of that discretion." *Id.* (citing *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997); *Kresefsky v. Panasonic Communications and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)). Legal conclusions, however, will be reviewed *de novo*. *Id.* (citing *Lithuanian Commerce Corp.*, 177 F.R.D. at 214; *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

### III.   Legal Analysis

The legal standards used by the Magistrate Judge in deciding the underlying Motion are not in dispute. As to the additional claims regarding the original set of facts which gave rise to Plaintiff's EEOC complaint, Plaintiff must meet the "good cause" standard set forth in Rule 16(b) for modifying a scheduling order. The Court has broad discretion in determining what constitutes good cause, *Phillips v. Greben*, Civ. No. 04-5590, 2006 WL 3069475, *6 (D.N.J. Oct. 27, 2006), but it must be considered in conjunction with the liberal standard for amending

pleadings.  *Reynolds v. Borough of Avalon*, 799 F.Supp. 442, 450 (D.N.J. 1992).  Motions to amend a pleading are freely granted where there is no

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . .  'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.

*Thomas*, 137 F. Supp. 2d at 579 (internal quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

In the instant Appeal, Plaintiff largely blames her former counsel for failing to amend the pleadings by the court-ordered deadline.  (*See* Pl. Brief 4-7.)  The Magistrate Judge found that Plaintiff's vague allegation of "a serious failure to communicate by plaintiff's previous counsel" (Pl. Brief 6) was insufficient to justify extending this deadline by almost a year.  This finding is not clearly erroneous or an abuse of discretion.  *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D. Pa. 2010) ("Carelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under Rule 16(b).") (quoting *Chancellor v. Pottsgrove School Dist.*, 501 F.Supp.2d 695, 701-02 (E.D. Pa. 2007)); *Artisa Records, Inc., v. Flea World Inc.*, 356 F. Supp. 2d 411, 419 (D.N.J. 2005) ("[Changing counsel] is generally not a valid reason for amendment.").  Further, the Magistrate Judge committed no error by noting that Plaintiff could have read her own pleadings, despite not being a lawyer.

Judge Bongiovanni found that the claims arising from events occurring after the filing of the original Complaint were a significant departure from the earlier facts and claims.  Thus, she determined that it would have constituted undue prejudice to the defendant to allow such a

dramatic change in the litigation after such discovery as had already taken place. (Sept. 20, 2011 Op. 13-14.) Having presided over approximately eighteen months of discovery at the time she denied the Motion to Amend, the Magistrate Judge was well within her discretion to make this finding. The Court reiterates Judge Bongiovanni's observation that Plaintiff could have brought the new claims surrounding the more recent facts in a separate action.

Finally, Plaintiff demands that this Court "correct" various characterizations of the facts in the Magistrate Judge's Opinion. These characterizations are largely irrelevant to the present appeal. The Court will briefly note, however, Plaintiff's claim that the Magistrate Judge improperly separated the facts surrounding the Plaintiff's non-reappointment from the facts surrounding the audit and detenure proceedings. Such demarcation was not clearly erroneous, and in fact it was legally necessary; two different legal standards applied to each set of amendments. The earlier set of facts gave rise to the claims in the original Complaint, whereas the latter were events that took place after that Complaint was filed and after the applicable scheduling order was entered.

## IV. Conclusion

For the foregoing reasons, the Magistrate Judge Opinion and Order of September 20, 2011 denying Plaintiff leave to amend her Complaint was not clearly erroneous or an abuse of discretion. Therefore, the Order is Affirmed, and this Appeal is dismissed. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2012